# United States Court of Appeals
## For the First Circuit

———————————————

No. 99-2168

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

PEDRO LUIS RAMIREZ-RIVERA,

Defendant, Appellant.

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, <u>Senior Judge</u>)

———————————————

Before

Lynch and Lipez, <u>Circuit Judges</u>,
Garcia-Gregory,[*] <u>District Judge</u>.

———————————————

<u>Epifanio Morales-Cruz</u>, Assistant Federal Public Defender, with whom <u>Joseph C. Laws, Jr.</u>, Federal Public Defender, District of Puerto Rico, was on brief, for appellant.

<u>Nelson Perez-Sosa</u>, Assistant United States Attorney, with whom <u>Guillermo Gil</u>, United States Attorney, and <u>Jorge E. Vega-Pacheco</u>, Assistant United States Attorney, Chief, Criminal Division, were on brief, for appellee.

———————————————

———

[*]    Of the District of Puerto Rico, sitting by designation.

February 23, 2001
_____

**GARCIA-GREGORY, <u>District Judge</u>.** Pedro Luis Ramirez-Rivera ("Ramirez-Rivera") appeals from a sentence imposed following the revocation of a 4-year term of supervised release. Ramirez-Rivera contends that the district court erred by taking into account his need for intensive substance abuse and psychological treatment in a structured environment when it sentenced him, after that revocation, to a prison term of 24 months. Although he did not present the argument to the district court, he argues on appeal that this sentence must be vacated because, under 18 U.S.C. § 3582(a) and 28 U.S.C. § 994(k), federal courts are precluded from sentencing such defendants to terms of imprisonment for purposes of rehabilitation or medical care. We find the argument has been waived and affirm the judgment of the district court.

## I.  BACKGROUND

A jury convicted Ramirez-Rivera of conspiracy to possess and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1) and of the use of a firearm in a drug related offense in violation of 18 U.S.C. § 924(c)(1).  On June 4, 1992, the district court sentenced Ramirez-Rivera to a prison term of 130 months,[1] as well as a 4-year period of supervised release.  On

---

[1]    On a motion to vacate sentence under 28 U.S.C. § 2255, the district court vacated his sentence for the firearm conviction under § 924(c)(1), reducing his prison sentence to 70 months.  This did not affect the term of supervised release.

November 14, 1996, Ramirez-Rivera was released from prison. On August 18, 1999, the district court revoked Ramirez-Rivera's supervised release and committed him to the custody of the U.S. Bureau of Prisons for a term of 24 months, pursuant to 18 U.S.C. §§ 3553(a)(2)(D) and 3583(e)(3).

The facts leading to the revocation of the term of supervised release can be summarized as follows. After his release, in December 1997 Ramirez-Rivera successfully completed an ambulatory drug program required by the probation office. On March 8, 1999, however, he refused to provide a urine specimen to his probation officer. When interviewed by his probation officer, Ramirez-Rivera admitted that he had used illegal narcotics. As a result of this admission, the U.S. Probation Office referred Ramirez-Rivera to the Hogar CREA Residential Detoxification Program, located in Rio Piedras, Puerto Rico. Hogar CREA admitted Ramirez-Rivera on March 9, 1999, but, due to his hostile attitude towards Hogar CREA's staff, the probation office removed and referred him to Hogar CREA La Quinta in Trujillo Alto, Puerto Rico.

Following a series of incidents involving Ramirez-Rivera's inability to adjust to his new environment, coupled with his generally negative attitude towards rehabilitation, the district court issued an order requiring Ramirez-Rivera to show cause why his supervision term should not be revoked. On April 20, 1999, the district court held, over the government's objection, that it would modify Ramirez-Rivera's

conditions of supervised release.  The district court ordered Ramirez-Rivera to be placed in a community corrections center (CCC) for a period of 6 months and to pay the cost of his confinement as required by the U.S. Bureau of Prisons.  Furthermore, the district court ordered Ramirez-Rivera to remain detained at Hogar CREA La Quinta until the Bureau of Prisons referred him to the CCC.

On July 15, 1999, Ramirez-Rivera again failed to comply with the terms of his modified supervised release.  He admitted that he had been removed from the CCC because he had not complied with CCC regulations.  Moreover, Ramirez-Rivera admitted that he had failed to report, as instructed by his probation officer, on July 8 , July 15, and July 19, 1999.

As a result of these violations, on August 18, 1999, the district court revoked the terms and conditions of supervised release originally imposed on June 4, 1992.  The district court ruled that Ramirez-Rivera's transgressions constituted a Grade C violation under the provisions of § 7B1.1(a)(3) of the United States Sentencing Commission's policy statements.  The district court further held that, given Ramirez-Rivera's prior criminal history, § 7B1.4 of the Sentencing Commission's policy statements called for a prison term ranging from 3 to 9 months.  Nonetheless, the district court determined that Ramirez-Rivera's need for an intensive substance abuse and psychological treatment in a structured environment justified a

sentence above the sentence range recommended by the Sentencing Commission's policy statement. The district court then sentenced Ramirez-Rivera to a prison term of 24 months, pursuant to 18 U.S.C. § 3553(a)(2)(D) and 18 U.S.C. § 3583(e)(3).

## II. DISCUSSION

The issues on appeal are whether Ramirez-Rivera has waived the statutory argument, and if so, whether the district court abused its discretion when it considered Ramirez-Rivera's drug rehabilitation needs, pursuant to 18 U.S.C. § 3553(a)(2)(D) and 18 U.S.C. § 3583(e)(3), in imposing a sentence beyond the recommended range.

If defendant's argument properly presented a question of statutory interpretation, that would be reviewed de novo. See, e.g., United States v. Koon, 518 U.S. 81, 100 (1996); United States v. O'Neil, 11 F.3d 292, 294 (1st Cir. 1993). The government contends that Ramirez-Rivera waived any issue of statutory interpretation[2] when he

---

[2] The question is whether the prohibition contained in 18 U.S.C. § 3582(a) and 28 U.S.C. § 994(k) -- namely, that imprisonment is inappropriate for the purpose of rehabilitating or promoting a defendant's medical needs -- bars district courts from considering a defendant's rehabilitation or medical needs when imposing a prison term upon the revocation of supervised release. There is a division of opinion on this issue. See United States v. Anderson, 15 F.3d 278, 282 (2d Cir. 1994) ("a court may consider an offender's medical and correctional needs when requiring that offender to serve time in prison upon the revocation of supervised release"); United States v. Brown, 224 F.3d 1237, 1240 (11th Cir. 2000) (same); United States v. Giddings, 37 F.3d 1091, 1096-97 (5th Cir. 1994) (district court may consider defendant's need for rehabilitation when imposing a mandatory term of imprisonment following the revocation of supervised release); United

acknowledged, during the revocation hearing, that the district court was acting within the scope of its sentencing discretion.[3] We agree. In <u>United States</u> v. <u>Falú-González</u>, 205 F.3d. 436 (1st Cir. 2000), we applied the "raise or waive" rule in a sentencing context:

> 'Issues not squarely raised in the district court will not be entertained on appeal . . . .. Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out his arguments squarely and distinctly, or else forever hold his peace.'

<u>Id</u>. at 440, quoting <u>United States</u> v. <u>Barnett</u>, 989 F.2d 546, 554 (1st Cir. 1993) (citing cases).

In <u>Falú-González</u>, we made it clear that "[t]he 'raise or waive rule' is only relaxed in exceptional cases involving a gross miscarriage of justice where the belated claim is 'so compelling as virtually to insure appellant's success.'" <u>Id.</u>, quoting <u>Barnett</u>, 989 F.2d at 554 n.8 (citing cases).  This is not an exceptional case. Here, Ramirez-Rivera's counsel expressly recognized the district court's sentencing discretion and merely asked for a reconsideration of the incarceration period without advancing the reasons he now presses

---

States v. <u>Jackson</u>, 70 F.3d 874, 880 (6th Cir. 1995) (same); <u>but</u> <u>see</u> <u>Anderson</u>, 15 F.3d at 284-86 (Kearse, J., dissenting).  We do not reach the issue.

[3]     At the revocation hearing, Ramirez-Rivera's counsel stated: "I understand that the Court has, the power to do that [impose the 24-month sentence] under the circumstances, but I would request that the Court reconsider the sentence of 24 months."  (Appendix at 30).

before this court. Ramirez-Rivera's revocation sentence does not rise to the level of a gross miscarriage of justice. We see no reason, therefore, to relax the "raise or waive" rule in this case.

Because questions of statutory interpretation have been waived and we cannot say there was plain error, the only remaining issue is review of the sentence set by the district judge, which was in excess of that recommended by Chapter 7 of the Guidelines. In O'Neil, we joined six other circuits in recognizing that Chapter 7 policy statements are advisory rather than mandatory. 11 F.3d at 302 n.11; see United States Sentencing Commission, Federal Sentencing Guidelines Manual, Ch. 7 Pt. A (Nov. 2000). Where, following revocation of supervised release, the district court sets a sentence that exceeds that recommended in the Chapter 7 policy statements, the parties agree that this court reviews for abuse of discretion. So we shall use that standard here.[4]

---

[4]    The courts of appeal have not characterized the scope of review on revocation sentences in an entirely consistent fashion, though all agree upon a deferential standard of appellate review. Several circuits have expressly employed an "abuse of discretion" analysis where district courts have imposed revocation sentences in excess of the range recommended by Chapter 7. See, e.g., United States v. Brown, 224 F.3d 1237, 1239 (11th Cir. 2000); United States v. George, 184 F.3d 1119, 1120 (9th Cir. 1999); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995). Other circuits have applied a "plainly unreasonable" standard of review. See, e.g., United States v. McClanahan, 136 F.3d 1146, 1149 (7th Cir. 1998) ("A defendant's revocation sentence is subject to review under the 'plainly unreasonable' standard because 'no guideline establishes a mandatory range of such a sentence.'") (citation omitted); United States v.

We see no abuse of discretion.  The sentence was within the statutory range, and Ramirez-Rivera has waived the only argument evidently available against the new sentence imposed upon revocation of supervised release.

Affirmed.

---

<u>Jackson</u>, 70 F.3d 874, 878 & n.3 (6th Cir. 1995); <u>see also</u> <u>United States</u> v. <u>Pelensky</u>, 129 F.3d 63, 69 (2d Cir. 1997) (A sentence imposed for violation of supervised release will be affirmed provided that "(1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable.") (internal quotation marks omitted).  The practical import of this difference in language is not immediately evident.  Since the parties in this case employ the language of "abuse of discretion," and since it would not appear to make any difference here in any event, that is the standard we will rely on for this case.