[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2205

UNITED STATES,

Appellee,

v.

MATTHEW P. DARBY,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

Edward C. Roy, Jr., Esq. and Roy & Cook on brief for appellant.
Margaret E. Curran, United States Attorney, Donald C. Lockhart and Terrence P. Donnelly, Assistant United States Attorneys, on brief for appellee.

---

August 22, 2001

---

**Per Curiam**. Matthew P. Darby appeals from the sentence imposed following the revocation of his supervised release. The single issue he raises is that the sentencing court erred in applying the United States Sentencing Guidelines by not reducing his "offense level" for his acceptance of responsibility for the supervised release violations.

This court has not definitively stated what standard of review applies to its review of revocation sentences. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 n.4 (1st Cir. 2001). However, it has noted that all the courts of appeal "agree upon a deferential standard of appellate review." Id. To the extent that there is variation among the circuit courts in the standards applied, it is between an abuse of discretion standard and something more deferential, such as a "plainly unreasonable" standard. See id. For purposes of this appeal, we leave the standard-of-review issue unresolved and apply the less deferential "abuse of discretion" standard.

"Violations of probation and supervised release are not subject to the adjustments of offense level for which provision is made in chapter three of the Sentencing Guidelines. See ch. 7, pt. A. Indeed, an entirely separate

'Revocation Table,' rather than the generally applicable 'Sentencing Table,' is provided for violations of probation and supervised release, and the Revocation Table does not employ offense levels. <u>See</u> U.S.S.G. § 7 B1.4, p.s." <u>United States</u> v. <u>Grasso</u>, 6 F.3d 87, 88 (2d Cir. 1993). Therefore, the district court did not abuse its discretion by denying Darby a reduction in offense level for acceptance of responsibility.

Darby's brief also suggests that the district court may have mistakenly believed that it lacked discretion to depart downward from the range of imprisonment dictated by the Revocation Table in chapter seven of the Sentencing Guidelines. The record does not support that argument, however. If the court had wanted to depart, but felt constrained by the imprisonment range, then it would have imposed a sentence at the bottom of that range: 8 months. Instead, it imposed an 11-month sentence, in the middle of the 8-to-14-month range. Nothing that the district court said during the sentencing hearings suggested that it believed it lacked authority to depart below that range. Instead, the court emphasized that it was influenced in its choice of a sentence by the need to drive home the seriousness of Darby's drug problem and his repeated

violations of the law related thereto. The court expressly found that the magistrate judge had taken Darby's acceptance of responsibility into account in arriving at a sentence recommendation.

The district court did not abuse its discretion. Darby's sentence is <u>affirmed</u>. <u>See</u> Loc.R. 27(c).