# United States Court of Appeals
## For the First Circuit

No. 04-2729

UNITED STATES OF AMERICA,

Appellee,

v.

JAMES D. MCINNIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
[Hon. Gene Carter, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and Schwarzer,[*] Senior District Judge.

Robert C. Andrews for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief for the United States.

November 4, 2005

---

[*]Of the Northern District of California, sitting by designation.

**Schwarzer**, **Senior District Judge**.  James D. McInnis appeals from a judgment revoking supervised release and imposing a sentence of twenty-four months' imprisonment.  He contends that the sentence, imposed after the court found violations of numerous release conditions, was unreasonable and that the district court erred in rejecting his claim of immunity based on an alleged promise from a Deputy United States Marshal who arrested him.  For the reasons stated below, we affirm the judgment and sentence.

**FACTUAL AND PROCEDURAL HISTORY**

On January 29, 2002, McInnis pled guilty to offenses related to the distribution of cocaine base. 21 U.S.C. § 841 (2000).  Based on his plea, McInnis faced a possible sentence of up to twenty years.  § 841(b)(1)(C).  However, in response to the government's departure motion, the court sentenced McInnis to twelve months in prison to be followed by three years of supervised release.

McInnis initially complied with the conditions of his release.  In early 2004, however, McInnis committed a string of violations that resulted in revocation of his release.  In March 2004, McInnis changed residences without providing ten days' advance notice to his probation officer.  On July 26, 2004, McInnis failed to report to the Probation Office as instructed.  When he reported one day late, McInnis tested positive for cocaine.  After initially denying cocaine use, McInnis admitted to using cocaine on

three occasions in the preceding two weeks. On August 19, McInnis's probation officer instructed him to report for six months of community confinement. McInnis reported as instructed but left later that day and failed to return; he had not commenced his program at the time of his arrest.

On September 16, deputy marshals arrested McInnis. The deputies had reason to believe McInnis possessed a significant quantity of marijuana and questioned him and others at the site of his arrest as to its location. McInnis eventually directed officials to the location of over one pound of marijuana hidden in his residence. Upon questioning by an agent, McInnis confirmed that the marijuana was his and stated that it was for personal use. The agent found the approximate weight of the drugs and packaging to be one pound four ounces.

On September 17, McInnis's probation officer filed an amended revocation petition alleging five violations of his supervised release: (1) failure to answer inquiries by his probation officer truthfully and follow the instructions of the probation officer to submit to drug tests and community confinement; (2) failure to report a new address prior to changing residences; (3) possession of cocaine and marijuana; (4) commission of a federal crime by possessing cocaine and a state crime by possessing and presumptively trafficking more than one pound of marijuana; and (5) failure to fulfill his community confinement

-3-

term.

McInnis admitted all of these violations except the fourth. Specifically, he contested the state drug trafficking charge on two grounds. First, McInnis argued that there was insufficient evidence that he engaged in drug trafficking, which would make his a Grade A violation of his supervised release. U.S. SENTENCING GUIDELINE MANUAL § 7B1.1(a)(1)(2004). Maine law permits a presumption of drug trafficking when the defendant possesses over one pound of marijuana. ME. REV. STAT. ANN. tit. 17-A, § 1103(3)(A) (2004). McInnis claimed that law enforcement officials' lack of precision in measuring drug quantity made it impossible to find possession of a pound of drugs beyond a reasonable doubt, the evidentiary standard for a conviction under Maine Rule of Evidence 303 (2004). Second, McInnis claimed that a deputy marshal made a promise, which the deputy denied, that he would not be prosecuted if he disclosed the location of any drugs in his possession and that this promise barred the finding of trafficking. If the drug trafficking violation failed on either ground, McInnis contends, the court could not find his violation to have been greater than Grade C, carrying a lower advisory guideline range. U.S. SENTENCING GUIDELINES MANUAL § 7B1.4.

Following an evidentiary hearing, the district court rejected the immunity claim, both because the court found the deputy's denial credible and because, in any event, the deputy

lacked authority to make such a promise. The court further found by a preponderance of evidence that McInnis possessed over one pound of marijuana with intent to distribute and that this conduct violated the conditions of supervised release as a Class C felony under Maine State Law punishable by up to five years' imprisonment. ME. REV. STAT. ANN. tit. 17-A, § 1103(3)(A). Because of the five year possible punishment under Maine law, under federal law the Maine crime would amount to a Grade A violation of the terms of supervised release. U.S. SENTENCING GUIDELINE MANUAL § 7B1.1 The court therefore correctly concluded that the violation was a Grade A violation and revoked supervised release.

At a subsequent sentencing hearing the court advised that it had carefully considered the history and background of the case, the papers on file, and what it had heard in the proceedings, as well as the advisory Guideline range and the statutory maximum of twenty-four months. The court concluded that an additional term of supervised release was not appropriate and that McInnis's violations warranted a more severe sentence, and it imposed a sentence of twenty-four months.

This appeal followed.

## DISCUSSION

### I. VALIDITY OF THE SENTENCE

Because McInnis does not challenge the revocation of his supervised release, the only issue before us is the challenge to

his sentence.  We review revocation sentences for abuse of discretion. <u>United States</u> v. <u>Ramirez-Rivera</u>, 241 F.3d 37, 40-41 (1st Cir. 2001).[1]  <u>United States</u> v. <u>Booker</u>, promulgating a reasonableness standard for review of Guideline sentencing decisions, is not relevant to the present case. <u>See</u> ___ U.S. ___, ____, 125 S. Ct. 738, 756-57 (2005).  The procedure for revocation of supervised release and imposition of a prison term is governed, not by the sentencing guidelines, but by 18 U.S.C. § 3583(e). <u>United States</u> v. <u>Work</u>, 409 F.3d 484, 490 (1st Cir. 2005).  That section cabins the term of incarceration permitted in consequence of a supervised release violation with reference to the offense of conviction. <u>See</u> 18 U.S.C. § 3583(e)(3); <u>Work</u>, 409 F.3d at 490.

McInnis makes no attempt to challenge his twenty-four month sentence as an abuse of discretion.  He contends that the sentence was unreasonable, in essence making two points: (1) that his case lacks the aggravating factors found in other cases and (2) that "the sentence was meant to punish his Sixth Amendment right to hearing." The arguments are not persuasive.  The district court, after hearing argument from counsel and considering the history of this case and the record of violations in this case, concluded that McInnis would not benefit from an additional period of supervised

---

[1]As this court pointed out in <u>Ramirez-Rivera</u>, 241 F.3d at 40 n.4, the courts of appeals have not characterized the scope of review in an entirely consistent fashion, though all agree upon a deferential standard of appellate review.

release. Rather, McInnis's recent drug-related activity suggested that his continued freedom posed a threat to the community. And nothing in the record supports the contention, raised for the first time on appeal, that the sentence was punitive. In sum, applying the appropriate standard of review, we find no abuse of discretion.

McInnis advances a series of arguments in an effort to show that the district court's finding of a Grade A violation was in error. While the nature of the crime upon which one count of revocation is based may have some relevance to whether a revocation sentence is an abuse of discretion, the validity of the sentence does not turn on it, particularly on the facts here. See United States v. Tapia-Escalera, 356 F.3d 181, 185 n.3 (1st Cir. 2004) (distinguishing grades of supervised-release violations from the felony classification scheme for sentencing purposes under § 3559(a)). Section 3583(e) authorizes the revocation of supervised release and imposition of sentence upon consideration of the relevant factors in § 3553. Pursuant to § 3553(a)(4)(B), the court need only consider, not implement, the advisory sentence range provided in the guidelines' policy statements.[2] See Work, 409 F.3d at 489; United States v. O'Neil, 11 F.3d 292, 301 n.11 (1st Cir. 1993). The statutory maximum, based on the original offense rather than the grade of release violation, ultimately

_____

[2]McInnis concedes on brief that the court considered the policy statements.

limits the court's sentencing discretion. See 18 U.S.C. § 3583(e)(3). McInnis pled guilty to distribution of cocaine base and aiding and abetting that crime, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2, a Class C felony. 18 U.S.C. § 3559(a)(3) (explaining Grade C sentence classification). Section 3583(e)(3) authorizes a sentence of two years when the offense was a Class C felony, and that was the sentence the court imposed.

## II. CONSTITUTIONAL CONTENTIONS

McInnis raises (for the first time on appeal) three constitutional arguments challenging his sentence. Plain error review applies. United States v. D'Amario, III, 412 F.3d 253, 256 (1st Cir. 2005). These arguments are readily disposed of.

McInnis argues that the district court imposed a more severe revocation sentence as punishment for the exercise of his Sixth Amendment right to a hearing regarding his release violations. While the district court questioned McInnis's motives in challenging his fourth, and most severe, violation, there is, as noted above, no evidence to suggest that the hearing was a factor in the court's sentencing. The court gave a number of reasons sufficient to justify McInnis's revocation sentence. There was no Sixth Amendment error.

McInnis further contends that the court's revocation of his release is a sentence enhancement based upon an unproven

-8-

criminal record, raising Sixth Amendment concerns. He argues that this circuit should abandon its treatment of recidivist enhancements based upon what he labels the "doomed" status of Almendarez-Torres v. United States, 523 U.S. 224 (1998). This court, however, continues to be bound by Almendarez-Torres. See Work, 409 F.3d at 491 n.1; United States v. Gomez-Estrada, 273 F.3d 400, 401 (1st Cir. 2001) ("we deem ourselves bound to follow the holding in Almendarez-Torres unless and until the Supreme Court abrogates that decision"); United States v. Terry, 240 F.3d 65, 73-74 (1st Cir. 2001) ("until Almendarez-Torres is overruled, we are bound by it"). As McInnis concedes in his brief, his argument fails as long as Almendarez-Torres remains a viable precedent.

Finally, McInnis claims that his post-revocation sentence raises double jeopardy concerns under the Fifth Amendment either for the original offense or the subsequent violation. His arguments are without merit. First, § 3583(e) directs courts considering revocation sanctions to consider the class of offense responsible for the original sentence. See Tapia-Escalera, 356 F.3d at 185. Although the punishment imposed in response to the release violations is in addition to prior punishment, it is treated as part of the penalty for the initial offense, thus obviating double jeopardy concerns. Johnson v. United States, 529 U.S. 694, 699-700 (2000). In addition, McInnis argues that his

revocation sentence punishes him twice for his cocaine use for which he was referred to community confinement. His revocation sentence, however, was based, among other things, on his later possession of marijuana.

## III. IMMUNITY PROMISE

Finally, McInnis challenges his revocation sentence on the strength of his claim that a deputy marshal promised him that, for disclosing the location of the marijuana, he would not be prosecuted. The district court was entitled to disbelieve testimony given by McInnis's girlfriend and other friends of McInnis which was squarely contradicted by the deputy's testimony. See United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996) (stressing the difficulty of upsetting on appeal credibility determinations by a fact-finder). But even if the deputy had made such a promise, it would lack legal significance for lack of authority to offer such immunity. See United States v. Flemmi, 225 F.3d 78, 86-87 (1st Cir. 2000) (requiring a specific source of authority for granting immunity). The Marshal Service is an investigatory arm of the Department of Justice, not a prosecutorial agency. It lacks authority deriving from its investigatory role, even when operating in conjunction with probation officers, to make promises to suspects binding on the United States Attorney. As this court explained in Flemmi, "the power to investigate does not necessarily encompass (or even reasonably imply) the power to grant

use immunity." 225 F.3d at 87. McInnis has failed to identify a source of authority for the deputy to make a promise of immunity.

## CONCLUSION

For the reasons stated, we affirm the judgment and sentence of the district court.

**<u>Affirmed</u>**.