**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-2141

UNITED STATES,

Appellee,

v.

PEDRO CARRERA-GONZÁLEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Juan F. Matos de Juan on Anders brief for appellant.

June 11, 2008

**Per Curiam**. Pedro Carrera-González admitted to violation of a condition of his supervised release term imposed as part of his sentence for a 1997 guilty plea to a drug trafficking conspiracy and use of a firearm. His violation was the commission of another federal offense: in 2006, Carrera pled guilty to a charge of car-jacking in violation of 18 U.S.C. § 2119(1), based upon conduct which occurred in March 2005, while he was on supervised release from his imprisonment for the 1997 offense. The district court revoked his supervised release term and imposed a sentence of eighteen months, to be served consecutively to a fifty-month sentence for his car-jacking conviction. Carrera has filed a notice of appeal. Appellant's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting the lack of any meritorious ground for appeal, and has moved to withdraw as counsel. Carrera has not filed a separate pro se brief. As required by Anders, we have conducted a full examination of the proceedings. Because it is clear that there are no meritorious grounds for appeal, we affirm the revocation and sentence and grant counsel's motion to withdraw.

"We review revocation sentences for abuse of discretion." United States v. McInnis, 429 F.3d 1, 4 (1st Cir. 2005). "The statutory maximum, based on the original offense rather than the grade of release violation, ultimately limits the court's sentencing discretion." Id. Here, Carrera's original 1997 offense

-2-

of conspiracy to distribute multi-kilogram quantities of cocaine and crack cocaine was a Class A felony. The eighteen-month revocation sentence did not exceed the statutory maximum for a Class A felony (5 years). See 18 U.S.C. § 3583(e)(3).

Consistent with 18 U.S.C. § 3583(e), the court stated that it had considered the factors set forth in § 3553(a)(1) before it arrived at the revocation sentence. The court took into account the advisory guideline range under U.S.S.G. § 7B1.4, and imposed a sentence within that range (acknowledging that it was not required to do so). See McInnis, 429 F.3d at 4 ("Pursuant to § 3553(a)(4)(B), the court need only consider, not implement, the advisory sentence range provided in the guidelines' policy statements").

Based upon a Grade A violation of supervised release (the 2006 car-jacking offense) and a criminal history category (CHC) of I for the 1997 offense, the court correctly identified the guideline imprisonment range as 12 - 18 months. At sentencing, defense counsel argued that the district court should have applied the guideline imprisonment range of 4 - 10 months contained in the Magistrate Judge's July 2005 Report and Recommendation. However, the Report and Recommendation pre-dated Carrera's guilty plea to the federal car-jacking offense on which this revocation was based. It was prepared in connection with the Probation Officer's initial motion for revocation based upon Carrera's arrest under Puerto Rico

charges of robbery and firearm possession.  The Magistrate Judge determined that violation to be a "Grade B violation," yielding the guideline range of 4 - 10 months under U.S.S.G. § 7B1.4.  The Probation Officer later filed an amended motion for revocation based upon the federal car-jacking charge, which was correctly determined to be a "Grade A violation," yielding a 12 - 18 month range.[1]

The district court clarified in response to defense counsel's request for reconsideration, that it had considered the criminal history pre-dating the 1997 offense (not the 2006 offense) in arriving at the revocation sentence.  The record supports the district court's statement that Carrera's "criminal history up to [the commission of the 1997 offense] was violent." The presentence investigation report (PSR) for the 1997 offense reported a prior criminal conviction of aggravated assault. See PSR, p. 8.  There was no abuse of discretion in the sentencing court's consideration of that criminal history or the violent nature of the car-jacking offense in determining the length of the revocation sentence.

In imposing a consecutive sentence, the district court correctly stated that it was following the policy (rather than mandate) of the Sentencing Commission. See Sent. Tr., p. 13.  There

---

[1] U.S.S.G. 7B1.1 classifies violations according to the type of offense committed by the conduct of the releasee, and defines a "crime of violence" with reference to U.S.S.G. § 4B1.2, which in turn relies upon the statutory elements of the offense and potential punishments.

-4-

is no suggestion that the court misinterpreted the guidelines to require a consecutive sentence. Cf. United States v. Crudup, 375 F.3d 5, 8 (1st Cir. 2004) (holding that 2003 amendment to U.S.S.G. § 5G1.3 worked a substantive change to that guideline by "encourag[ing] district courts to impose consecutive sentences, while at the same time permitting them - in the exercise of their sound discretion - to make the federal sentence concurrent").

Carrera objected at the revocation sentencing hearing that the negotiations that led to the amended plea agreement for the 2006 car-jacking offense included the parties' alleged agreement to recommend a 10-month, concurrent sentence in the revocation case. There is nothing in the amended plea agreement itself to indicate that any such promise was part of the negotiation.[2] Moreover, even if the parties had so agreed, there would not have been a breach since the parties both did recommend a 10-month concurrent sentence. Finally, the amended plea agreement was entered with respect to the 2006 offense which was before a different district court judge for sentencing than the judge who presided over the revocation proceedings in this case.

---

[2] The amended plea agreement for the 2006 offense makes no mention of the pending revocation proceedings with respect to the 1997 offense, and it contains a provision that the written agreement "constitutes the complete agreement between the United States, the defendant, and defendant's counsel," and that the government "has made no promises or representations except as set forth in writing in this plea agreement and den[ies] the existence of any other term and conditions not stated herein." Amended Plea Agreement, Dkt No. 121, ¶ 16.

There was no plea agreement entered with respect to the violation of supervised release. The district court did not abuse its discretion by failing to following the parties' recommendation to impose a concurrent sentence.

The revocation of appellant's supervised release term and the imposition of an 18-month consecutive sentence are <u>affirmed</u>. Appellant's counsel's motion to withdraw is <u>granted</u>.