**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-2675

UNITED STATES,

Appellee,

v.

ENOC ALCÁNTARA-MÉNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, Senior U.S. District Judge]

Before

Lipez, Selya and Howard,
Circuit Judges.

Raymond Rivera Esteves on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, and Rosa Emilia
Rodríguez-Vélez, United States Attorney, on brief for appellee.

September 24, 2008

**Per Curiam**. Enoc Alcántara-Méndez ("Alcántara") appeals from a district court judgment revoking his term of supervised release and imposing a prison term and new supervised release term.[1] Appointed appellate counsel has filed a merits brief, and we have permitted Alcántara to file a supplemental pro se brief. We affirm because Alcántara has not shown any abuse of discretion by the district court. See United States v. McInnis, 429 F.3d 1, 4 (1st Cir. 2005) (discussing the appellate review standard).

On appeal, Alcántara first raises a narrow challenge to the district court's revocation decision. He appears to argue that the district court erroneously determined that by not registering as a sex offender after his release from prison, Alcántara had violated a statutorily mandated supervised release condition that the court should have, but did not, impose in its criminal judgment. In our view, his argument essentially misconstrues the record. The district court actually found that Alcántara had

---

[1]By the time the appeal was briefed, Alcántara had completed the nine-month prison term that the court had imposed, but his appeal is not moot. After his revocation prison term expired, he was immediately arrested and detained for a new offense, and so he still faces the 12-month supervised release term imposed by the court. See United States v. Johnson, 529 U.S. 53, 57-58 (2000) (concluding that a supervised release term begins on the day on which an inmate is "in fact freed from confinement" to the supervision of a probation officer which may not coincide with the expiration date of the prison term) (analyzing the first two sentences of 18 U.S.C. § 3624(e)); United States v. DeLeon, 444 F.3d 41, 55 (1st Cir. 2006) ("It is well settled that a convict's claim is not moot if he has finished his prison term but still faces supervised release[.]").

violated his supervised release conditions "by engaging in new criminal conduct, to wit: Failing to register as a sex offender as mandated by both Federal and local Government statute." Alcántara quotes this exact ruling in his counseled brief, but does not claim that this ruling was erroneous. Although the district court did not specify the exact supervised release condition that had been violated, there could have been no doubt which condition the court meant. The criminal judgment expressly stated that one supervised release condition was that Alcántara not commit "another federal, state or local crime."

In his pro se brief, Alcántara also presses Fifth Amendment objections to the district court's revocation decision. As argued on appeal, however, his claims lack merit. The probation officer was not obliged to warn Alcántara in advance that his statements at the revocation hearing could be used against him. See Fed. R. Crim. P. 32.1(b)(2)(A) (requiring only that written notice of "the alleged violation" be given). Nor has Alcántara explained why his seemingly voluntary statements at the hearing were involuntary or compelled, so as to implicate the Fifth Amendment. See United States v. Jones, 299 F.3d 103, 110-11 (2d Cir. 2002) (concluding that a person charged with a supervised release violation who voluntarily chooses to testify at a revocation hearing cannot later claim that his testimony was compelled); see also United States v. Meléndez, 228 F.3d 19, 22

(1st Cir. 2000) (rejecting a claim that <u>Miranda</u> warnings are generally required before a person is subjected to "in-court questioning"). In addition, Alcántara seeks to exclude his statements only on the ground that they implicated him in conduct for which his supervised release term could be revoked. He has not argued for exclusion on the ground that his statements implicated him in new criminal conduct for which he might later be prosecuted. <u>See</u> <u>United States</u> v. <u>Roy</u>, 438 F.3d 140, 144 (1st Cir. 2006) (rejecting a Fifth Amendment claim under similar circumstances).

Finally, Alcántara suggests that, in its revocation sentence, the district court could not impose a supervised release condition on him that requires him to register as a sex offender. Alcántara waived this claim at the revocation hearing by expressly telling the court--twice--that he would obey its direct order instructing him to register as a sex offender and by failing to object when the court later imposed the condition on him. The supervised release condition he now objects to is essentially a direct order that will become effective when Alcántara's supervised release term begins.

<u>Affirmed.</u>