# United States Court of Appeals
## For the First Circuit

No. 17-1041

UNITED STATES OF AMERICA,

Appellee,

v.

D'HATI COLEMAN, a/k/a Q,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Selya, Circuit Judges.

Neil L. Fishman on brief for appellant.
Halsey B. Frank, United States Attorney, and Benjamin M.
Block, Assistant United States Attorney, on brief for appellee.

February 28, 2018

**SELYA**, **Circuit Judge**.  The overriding question in this appeal is whether the district court appropriately denied an offense-level reduction for acceptance of responsibility under the sentencing guidelines.  The answer to this question depends, in large part, on whether the court appropriately found certain conduct to be "relevant conduct" within the meaning of USSG §1B1.3.  Here, however, a procedural obstacle looms between the question and the answer: defendant-appellant D'Hati Coleman stipulated during the sentencing proceeding (when that stipulation redounded to his benefit) that the disputed conduct constituted relevant conduct.  He now attempts to reverse his field, arguing in this court that the disputed conduct was not relevant conduct.

We warned, over three decades ago, that "[h]aving one's cake and eating it, too, is not in fashion in this circuit."  United States v. Tierney, 760 F.2d 382, 388 (1st Cir. 1985).  The echoes of that warning reverberate here: the defendant cannot have it both ways.  Viewing this appeal through the prism of this discerned wisdom and accepting the facts as supportably found by the district court, we affirm the challenged sentence.

## I.  BACKGROUND

We briefly rehearse the relevant facts and travel of the case.  Because this appeal trails in the wake of a guilty plea, we draw the facts from the undisputed portions of the presentence investigation report (PSI Report), the amended sentencing

- 2 -

stipulation, and the transcripts of the sentencing hearings.  See United States v. D'Angelo, 802 F.3d 205, 206 (1st Cir. 2015).

On September 3, 2014, a cooperating informant (CI) met the defendant by pre-arrangement in Bangor, Maine.  The defendant produced a small bag containing approximately 273.9 milligrams of cocaine base (crack cocaine) and sold it to the CI for $40.  During the course of this transaction, the defendant volunteered his belief that prostitution was "the world's oldest . . . and the most lucrative" profession.  He boasted that he was a "pimp" for three women in the Bangor area, described them, and referred to them as "his product."  He then asked the CI for directions to a local clothing store where he intended to buy lingerie for the women, stating that "a pimp is only as good as his product and his product is women and he has to have the best."

On September 9, the defendant was arrested outside a motel in New Haven, Connecticut (where he had rented a room).  The authorities recovered an unknown quantity of crack cocaine from his person and detained a woman inside the motel room.  The woman told the officers that the defendant was her "pimp" and had transported her from Maine in order to engage in prostitution. She said that her customers paid the defendant in cash, but he compensated her for her services by supplying her with drugs.  The New Haven incident resulted in the defendant's conviction on a

state charge of possession of narcotics with intent to sell.  See Conn. Gen. Stat. § 21a-277(a).

In due course, the defendant was charged federally in connection with the September 3 drug transaction.  That indictment, handed up in the United States District Court for the District of Maine, charged him with the knowing and intentional distribution of a controlled substance.  See 21 U.S.C. § 841(a)(1).  After some preliminary skirmishing (not relevant here), the defendant entered a straight guilty plea.  The PSI Report treated the defendant's pimping activities as relevant conduct.  See USSG §1B1.3.  The defendant objected, claiming that the statements he had uttered to the CI were mere rodomontade, made only to impress his customer.  So, too, he denied that he had acted as a pimp for the woman found in his Connecticut motel room.

At a presentence conference, the district court stated that it viewed the defendant's promotion of prostitution as relevant conduct for sentencing purposes.  During a subsequent conference, the defendant withdrew his objection to the PSI Report's description of his involvement in prostitution in Maine. At the first phase of his sentencing hearing, the defendant reverted to his original position and once again denied the accuracy of the PSI Report's account of his prostitution-related activities in Maine.  Moreover, the defendant continued to deny

that he had brought a woman from Maine to Connecticut for the purpose of engaging in prostitution.

During a later hearing, the district court asked the defendant's counsel if the defendant was admitting to his involvement with prostitution in Maine. Before his attorney could complete his response, the defendant began shaking his head. After a recess, defense counsel tried to clear the air and assured the court that the defendant admitted to his involvement with prostitution in Maine. Counsel went on to reiterate the defendant's denial of any involvement with prostitution-related activities in Connecticut. Putting a fine point on his argument, counsel stated that the defendant "does not dispute at all that his involvement in this relevant conduct . . . is not something that the court should take into consideration, but, rather, [is] arguing that . . . he was not involved in taking [a woman] to Connecticut for prostitution." At no point did counsel suggest that prostitution-related activities were not relevant conduct vis-à-vis the offense of conviction.

When all was said and done, the district court found that the defendant was engaged in the promotion of prostitution both in Connecticut and in Maine. In addition, the court found that the defendant had falsely denied his involvement with prostitution in Connecticut. With respect to the defendant's involvement with prostitution in Maine, the court found that the

defendant had engaged in "an extraordinary amount of game playing with the court, with probation, with the government, and with his own counsel." The court proceeded to deny the defendant an offense-level reduction for acceptance of responsibility.

With acceptance of responsibility removed from the equation, the court tentatively calculated the defendant's guideline sentencing range (GSR) to be 46 to 57 months. The court then gave effect to an amended sentencing stipulation entered into between the parties, which authorized a time-served credit of 23 months (referable to the defendant's Connecticut conviction) "for a sentence served on relevant conduct." This stipulated credit lowered the defendant's GSR to 23 to 34 months. Finally, the court imposed a mid-range term of immurement: 32 months. This timely appeal followed.

## II. ANALYSIS

Represented by new counsel on appeal, the defendant argues that the district court erred in refusing to grant him an offense-level reduction for acceptance of responsibility, see USSG §3E1.1, which would have produced a lower GSR and presumably a more lenient sentence. To be specific, he assigns error to the district court's determination that his promotion of prostitution in both Connecticut and Maine constituted relevant conduct for which he did not accept responsibility.

We review questions of law, including questions about the district court's interpretation of the sentencing guidelines, de novo. See United States v. Suárez-González, 760 F.3d 96, 99 (1st Cir. 2014). "Recognizing the special difficulty of discerning, on a cold record, whether a defendant's expressions of remorse were in earnest," we review the quintessentially factual determination of whether a defendant has accepted responsibility for clear error. United States v. Deppe, 509 F.3d 54, 60 (1st Cir. 2007). These standards are altered when an appellant has failed seasonably to make a particular argument below: in that event, our review is normally for plain error. See United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002). Last — but surely not least — when a party has intentionally relinquished or abandoned a particular argument, that argument is deemed waived. See id. Waived arguments are not subject to appellate review. See United States v. Washington, 434 F.3d 7, 11 (1st Cir. 2006); Rodriguez, 311 F.3d at 437.

Here, the defendant's primary contention is that the district court should not have denied him an offense-level reduction for acceptance of responsibility based on what he had told the court about his involvement in prostitution. This

contention is predicated on the notion that such involvement did not constitute relevant conduct under USSG §1B1.3.[1]

In making its acceptance-of-responsibility determination, the district court was obliged to consider, among other things, whether the defendant "truthfully admitt[ed] the conduct comprising the offense[] of conviction, and truthfully admitt[ed] or [did] not falsely den[y] any additional relevant conduct for which the defendant is accountable under § 1B1.3." USSG §3E1.1, comment. (n.1(a)). As a threshold matter, the government asserts that the defendant has waived his right to challenge this determination.[2] In the government's view, the defendant twice relinquished his right to argue that his promotion of prostitution was not relevant conduct. First, the government notes that while the defendant contested the veracity of the PSI Report's statements to the effect that he had brought a woman from

---

[1] In drug-trafficking cases, "relevant conduct" includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG §1B1.3(a)(2). The "sweeping" language of section 1B1.3 affords a sentencing court wide discretion to determine whether particular conduct falls within the definition. United States v. Watts, 519 U.S. 148, 153-54 (1997)(per curiam); see D'Angelo, 802 F.3d at 210-11 (holding that sentencing court may consider all relevant conduct regardless of whether such conduct is either charged or constitutes an element of the offense of conviction).

[2] Waiver is the intentional relinquishment or abandonment of a claim or defense. See Hamer v. Neighborhood Hous. Serv. Of Chi., 138 S. Ct. 13, 17 n.1 (2017). Waiver is wholly distinguishable from forfeiture, which arises when a party has failed to make a "timely assertion of a right." Id. (quoting United States v. Olano, 507 U.S. 725, 733 (1993)).

Maine to Connecticut in order to engage in prostitution, he effectively conceded that such a fact, if true, would constitute relevant conduct. Second, the government asserts that the defendant waived his relevant conduct claim when he joined with the prosecution in stipulating for a time-served reduction (23 months) to his guideline range "for a sentence served on relevant conduct." The events to which the government alludes combine to justify a finding of waiver.

The government's first claim of waiver stems from a statement made by defense counsel during sentencing. Counsel acknowledged that even though the defendant denied bringing a woman to Connecticut for the purpose of prostitution, he did "not dispute at all that his involvement in this relevant conduct" was something that — if true — the court should consider. Counsel's matter-of-fact acknowledgement that the allegations concerning the defendant's involvement in prostitution, if found to be true, would form the basis for a finding of relevant conduct itself seems sufficient to ground a finding of waiver. See United States v. Walker, 538 F.3d 21, 23 (1st Cir. 2008) (holding that defendant waived any right to claim as error a sentencing rationale that she had advanced before the district court); United States v. Ramirez-Rivera, 241 F.3d 37, 39-40 (1st Cir. 2001) (holding that party who acknowledged district court's discretion to act had waived any argument to the contrary); United States v. Coady, 809 F.2d 119,

121 (1st Cir. 1987) (rejecting assignment of error based on lack of entrapment instruction after defense counsel represented to trial court that entrapment was "not an issue in this case").

The second building block on which the government erects its claim of waiver is even sturdier. Having represented that the events underlying his Connecticut conviction constituted relevant conduct in order to secure a reduction in his federal sentence, the defendant cannot now do an about-face and be heard to complain that the same conduct should be deemed irrelevant for other sentencing purposes. See United States v. Melvin, 730 F.3d 29, 40 (1st Cir. 2013) (concluding that party could not dismiss evidence as trivial on appeal after having argued below that the same evidence was prejudicial); Tierney, 760 F.2d at 388 (similar).

The doctrine of judicial estoppel offers a useful perspective. Though civil in nature, the rationale underlying judicial estoppel is implicated here. The doctrine "prevent[s] a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding." Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010). Viewed in a practical light, the doctrine protects the "integrity of the judicial process" against a party who "tries to play fast and loose with the courts." Id.

- 10 -

The analogy is both obvious and compelling. Here, the defendant stipulated that the circumstances underlying his Connecticut conviction constituted relevant conduct for sentencing purposes when such a stipulation worked in his favor. Thus, it is eminently fair to preclude him from arguing, at a later stage of the same case, that the circumstances underlying that conviction are not relevant conduct.

Having concluded that principles of waiver foreclose the defendant's relevant conduct claim, we turn to the defendant's lone remaining claim of error. He submits that, regardless of whether the district court was correct in measuring the dimensions of his relevant conduct, the court erred in determining that he had not accepted responsibility within the purview of USSG §3E1.1. We review this claim for clear error. See Deppe, 509 F.3d at 60.

Under section 3E1.1, a defendant may receive an offense-level reduction if he clearly demonstrates that he has accepted responsibility for the offense of conviction. See United States v. Jordan, 549 F.3d 57, 60 (1st Cir. 2008). To secure such a reduction,[3] the defendant must show that he "truthfully admitt[ed]

---

[3] The extent of an offense-level reduction for acceptance of responsibility may vary. A defendant who has "clearly demonstrate[d] acceptance of responsibility" may receive a two-level reduction. USSG §3E1.1(a). "If the defendant receives this first-tier adjustment and if [certain other conditions are met], [a] second tier comes into play." United States v. Meléndez-Rivera, 782 F.3d 26, 29 (1st Cir. 2015). When a defendant reaches that second tier, he may become eligible to receive an additional

- 11 -

the conduct comprising the offense[] of conviction, and truthfully admitt[ed] or [did] not falsely deny [] any additional relevant conduct . . . ." USSG §3E1.1, comment. (n.1(a)); see United States v. Melendez, 775 F.3d 50, 59 (1st Cir. 2014); United States v. Garrasteguy, 559 F.3d 34, 38 (1st Cir. 2009). The devoir of persuasion rests with the defendant, see Deppe, 509 F.3d at 60, and he must carry that burden by a preponderance of the evidence, see United States v. Royer, 895 F.2d 28, 29 (1st Cir. 1990).

It is common ground that "[a]cceptance of responsibility entails more than merely mouthing the vocabulary of contrition." See Deppe, 509 F.3d at 60. To the contrary, the defendant must persuade the sentencing court that "he has taken full responsibility for his actions, and he must do so candidly and with genuine contrition." United States v. Saxena, 229 F.3d 1, 9 (1st Cir. 2000).

In the case at hand, the district court found that the defendant falsely denied his involvement in the prostitution-related activities that the court supportably determined constituted relevant conduct. The defendant's challenge to this finding contains more cry than wool.

The record shows, beyond hope of contradiction, that the defendant — through objections to the PSI Report, arguments at

one-level reduction. See USSG §3E1.1(b)(specifying requirements for three-level reduction).

sentencing, and positions taken in his sentencing memorandum — repeatedly denied any involvement in the promotion of prostitution in Connecticut. His spurious denials of this relevant conduct, without more, defenestrate his claim that he should have been given an offense-level reduction for acceptance of responsibility.

If more were needed — and we do not think that it is — the district court also found that the defendant did not accept responsibility for his promotion of prostitution in Maine. That finding is not clearly erroneous. Even though the defendant eventually admitted his involvement in prostitution in Maine, he equivocated on the issue and altered his position several times. This backing and filling led the district court to conclude (supportably, we think) that the defendant had engaged in "an extraordinary amount of game playing with the court, with probation, with the government, and with his own counsel."

A defendant cannot bob and weave before the sentencing court, equivocate about whether a material fact is true or is not, and then lay claim to a credit for acceptance of responsibility by coming clean at the eleventh hour. Such a checkered course of conduct is inconsistent with the requirement that a defendant "candidly" take responsibility and show "genuine contrition" for his conduct, and a sentencing court may decline to grant an offense-level reduction for acceptance of responsibility in such circumstances. Saxena, 229 F.3d at 9.

That ends this aspect of the matter. We conclude, without serious question, that the district court did not clearly err in refusing to grant the defendant an offense-level reduction for acceptance of responsibility.

**III. CONCLUSION**

We need go no further. For the reasons elucidated above, the defendant's sentence is

**<u>Affirmed</u>.**