United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-10359
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO HUITRON, agent of Jose Alfredo Cuestas,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-161-ALL
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM: [*]

Alfonso Huitron appeals his guilty-plea conviction and sentence for being illegally present in the United States following removal. Huitron's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Huitron contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

530 U.S. 466 (2000), and its progeny, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Huitron properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

For the first time on appeal, Huitron argues that the district court plainly erred by applying a 16-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). Because Huitron did not raise this issue below, we review for plain error. See United States v. Hull, 160 F.3d 265, 271 (5th Cir. 1998). Contrary to Huitron's contention, his prior conviction for distribution of cocaine was in federal court, not state court. All of the offenses contained in 21 U.S.C. § 841(a), which criminalizes the distribution of cocaine, are drug trafficking offenses under § 2L1.2(b)(1)(A)(i). Compare § 841(a) with § 2L1.2 comment. (n.(1)(B)(iv)). Thus, while the district court may have erred by relying upon the description of the facts underlying Huitron's prior conviction in the presentence report, see United States v. Garza-Lopez, 410 F.3d 268, 273-274 (5th Cir. 2005), Huitron cannot establish plain error because his prior conviction does support the enhancement. See United States v. Martinez-Cortez, 988 F.2d 1408, 1415-16 & n.37 (5th Cir. 1993).

2

AFFIRMED.