# United States Court of Appeals
## For the First Circuit

No. 09-1815

UNITED STATES,

Appellee,

v.

JESUS FRANQUIZ-ORTIZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[[Hon. José Antonio Fusté,  U.S. District Judge]]

Before

Lipez, Howard and Thompson,
Circuit Judges.

Laura Maldonado Rodríguez on brief for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, and
Nelson Pérez-Sosa, on brief for appellee.

June 9, 2010

**Per Curiam**.  This is an appeal from a sentence imposed upon revocation of supervised release.

Jesus Franquiz-Ortiz (Franquiz) was convicted in 2003 on a plea of guilty to conspiracy to possess with intent to distribute heroin, a Class C felony.  He was sentenced to serve 46 months of imprisonment and three years of supervised release.  The parties agree, in their briefs, on the events that led to revocation of the term of supervised release and the imposition of a sentence of imprisonment.

After about two years of the term of supervised release had elapsed, during an unannounced visit in April 2009, the probation officer found a package containing one pound of marijuana in Franquiz's car.  The probation officer filed a motion for an order to show cause in regard to revocation.

Franquiz did not challenge the allegation that he had committed a Grade B violation of a condition of his supervised release and waived his right to a preliminary hearing.  At the final hearing, the parties presented to the court a joint recommendation of 12 months of imprisonment without further supervised release. Under the United States Sentencing Guidelines, § 7B1.4(a), the recommendation represented an upward departure from the advisory guideline range of 4-10 months for a Grade B violation and a criminal history category (CHC) I.  The government offered no argument in regard to the joint recommendation. Defense counsel

argued, in support of the recommendation that, while on supervised release, Franquiz had been steadily employed for two years, had never tested positive to drugs, had paid his alimony, and had filed his income tax returns; in addition, this was his first time before the court in relation to supervised release.

The district court rejected the joint recommendation and imposed a sentence of 24 months of imprisonment, the statutory maximum permissible sentence under 18 U.S.C. § 3583(e)(3) and well above both the applicable advisory guideline range of four to ten months and the parties' joint recommendation of twelve months. The court offered the following explanation:

> <u>I am not prepared to give him ... a guideline range sentence....</u> This individual has been given opportunities. What he has done is not de minimis by any means, and I do think that if I am not going to supervise him anymore, I am going to make him serve 24 months with no additional supervision.

(Emphasis added). As the sentence proposed by the parties was, in fact, itself above the advisory guideline range, this comment does not reveal the court's rationale for imposing a non-guideline sentence twice as long.

We review sentences imposed upon revocation of supervised release under the deferential abuse of discretion standard. <u>United States</u> v. <u>McInnis</u>, 429 F.3d 1, 4 (1st Cir. 2005). In order to do so, we need a record that provides a basis for evaluating the district court's exercise of its broad authority.

Here, the court's explicit statement is, by itself, insufficient. Unfortunately, the court's rationale cannot be inferred from the record on appeal. In the instant case - as in many revocation cases - the record is thin. It reflects no input from the probation officer. No information is contained in the transcript of the preliminary hearing waiver proceedings beyond that necessary to establish that the waiver was knowing and voluntary. Neither party submitted a sentencing memorandum or any other document to the district court. At the revocation hearing, after suggesting a sentence of 12 months, the AUSA made no other statement. Nothing in the record refers to any sentencing factor set out in 18 U.S.C. § 3583. Therefore, we cannot know what facts and arguments the district court considered. Compare United States v. Zapata, 589 F.3d 475 (1st Cir. 2009)(record reflected court's consideration of identifiable facts and arguments).

The lack of an explicit or implicit explanation is of particular concern when the substantive reasonableness of the sentence is not immediately apparent. First, it is not clear why the court regarded the above-guideline joint recommendation of the parties as insufficient punishment for the breach of trust that the violation represented. Second, by imposing the statutory maximum sentence, the court left no room for harsher sentences for those with higher criminal history categories and more serious violations. As we noted in United States v. Gallo, 20 F.3d 7, 14

-4-

(1st Cir. 1994); accord United States v. Torres-Marin, 06-1333 (1st Cir. May 15, 2007)(unpub), the court's calibration of the relevant factors is an element of the exercise of discretion.

As the record provides an insufficient basis for review of the procedural and substantive reasonableness of the sentence, the revocation sentence is vacated and the case is remanded for resentencing in conformity with this opinion.