# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2011

Lyle W. Cayce
Clerk

No. 10-50124
No. 10-50126
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL MANZANARES,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1474-1
USDC No. 2:09-CR-580-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50124
No. 10-50126

Ismael Manzanares pleaded guilty to one count of illegal reentry into the United States following deportation.  His sentence was enhanced, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), based on a conviction for a "drug trafficking offense," *to-wit*, distribution and possession with intent to distribute 100 grams or more of heroin, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  Manzanares argues that the district court plainly erred in applying the enhancement without analyzing the "elements of the New Jersey statute . . . under which Manzanares was convicted" to determine "what elements made it a 'drug trafficking' offense for purpose of the 16 point enhancement."

As he acknowledges, Manzanares failed to object to the enhancement, so review is for plain error.  *See United States v. Brantley*, 537 F.3d 347, 351 (5th Cir. 2008).  To show plain error, Manzanares must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Manzanares was not convicted under a state statute, but rather a federal statute.  The federal court records reflect that Manzanares pleaded guilty to an indictment charging that he "did knowingly and intentionally distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing heroin."  Manzanares does not argue that his federal conviction does not constitute a "drug trafficking offense," but even if he did, it would be unavailing, because a conviction under § 841 is a drug-trafficking offense for purposes of § 2L1.2(b)(1)(A)(i).  *See United States v. Huitron*, 173 F. App'x 340, 340-41 (5th Cir. 2006).  Thus, Manzanares has failed to show that the district court plainly erred in applying the enhancement.  *See Puckett*, 129 S. Ct. at 1429.

Manzanares also challenges the sentence imposed following the revocation of supervised release regarding his federal heroin-distribution charge in New

No. 10-50124
No. 10-50126

Jersey, claiming the sentence is unreasonable because the district court did not sufficiently state reasons for selecting the sentence.  He also asserts that the life-term sentence of supervised release is unreasonable given the circumstances of his case.  As Manzanares acknowledges, this claim is also reviewed for plain error, because he failed to object.  *See United States. v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Although the district court did not expressly state that it had considered the 18 U.S.C. § 3553(a) factors, the court's comments implicitly indicate that it considered the "the history and characteristics of the defendant . . .the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes of the defendant."  *See* § 3553-(a)(1), (2)(B), (C); *see also Whitelaw*, 580 F.3d 262-65.  Furthermore, Manzanares's life term of supervised release is authorized by statute, *see* § 841(b)(1)(B); 18 U.S.C. § 3583(h), so the sentence is "clearly legal."  *See United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997).  Accordingly, there is no plain error with regard to the sentence.  *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.