# United States Court of Appeals
## For the First Circuit

Nos. 09-2623
     09-2624

UNITED STATES OF AMERICA,

Appellee,

v.

JESSIE BUTLER-ACEVEDO,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Anita Hill Adames, for appellant.
Julia M. Meconiates, Assistant United States Attorney, with
whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, were on brief for appellee.

August 31, 2011

**TORRUELLA, Circuit Judge.** Jessie Butler-Acevedo ("Butler") appeals from two concurrent five-year sentences following the revocation of supervised release, pursuant to 18 U.S.C. § 3583(e). Butler argues that the district court committed procedural error in imposing the statutory maximum sentences available. For the reasons stated below, we affirm.

## I. Background

Butler pleaded guilty in 2000 to two drug-related conspiracies. At the sentencing following the guilty plea, the district court imposed two concurrent ten-year sentences with subsequent five-year terms of supervised release, also to be served concurrently. In 2008, Butler was released from custody and began his supervised release.

The supervised release was not successful. Approximately fourteen months after Butler's release, the U.S. Probation Office ("USPO") filed a motion notifying the court of four violations; a later filing supplemented the initial motion, reporting six additional violations. At his revocation hearing, Butler admitted to these ten violations,[1] which ranged in severity from failing to obtain lawful employment to associating with individuals engaged in

---

[1] Butler did not admit to assisting his brother with drug-related activities, and the government agreed that the second USPO filing, which reported that he had done so, was incorrect. Butler still admitted, however, to violating the condition that required him to refrain from visiting places where controlled substances were sold.

the trafficking of narcotics.[2]  Although the recommended sentence under the U.S. Sentencing Guidelines Manual ("U.S.S.G.") was three to nine months of incarceration,[3] the court ultimately sentenced Butler to sixty months in each case, which was the statutory maximum sentence available because the underlying offenses were Class A felonies.  See 18 U.S.C. § 3583(e)(3).  Butler now appeals these sentences.

## II.  Discussion

Butler argues that his sentencing was procedurally flawed because the district court failed to consider the factors set out in 18 U.S.C. § 3553(a) that it was required to consider under 18 U.S.C. § 3583(e).  He also contends that the sentence should be vacated because the district court was not clear about what sentence it was imposing.  We address each argument in turn after providing the relevant legal background.

---

[2]  Butler accepted that he violated the conditions of his supervised release by doing the following: (1) failing to report for urinalysis to the USPO and to submit monthly supervision reports, (2) failing to refrain from controlled substances and to submit to drug tests, (3) failing to truthfully answer all USPO inquiries, (4) failing to notify the USPO of a change in residence, (5) leaving the judicial district of Puerto Rico without USPO permission, (6) failing to make child support payments, (7) failing to report legal employment, (8) visiting a place where controlled substances were sold, (9) associating with individuals engaged in criminal activity, and (10) failing to notify the USPO within 72 hours of being questioned by law enforcement.

[3]  Butler had a Criminal History Category of I and committed Grade C violations of his supervised release.  See U.S.S.G. § 7B1.4(a).

## A.  Standard of Review

"We review revocation sentences for abuse of discretion." United States v. McInnis, 429 F.3d 1, 4 (1st Cir. 2005).  In doing so, we examine "both the procedural and the substantive propriety of a challenged sentence."  United States v. Santiago-Rivera, 594 F.3d 82, 84 (1st Cir. 2010).

## B.  Legal Framework for Revocation

A court may revoke a defendant's supervised release and impose a term of incarceration.  See 18 U.S.C. § 3583(e).  Before revocation, the court must weigh a number of factors borrowed from traditional sentencing considerations.  See id.  These factors include, among others, the history and characteristics of the defendant, the need to provide effective correctional treatment, and the need to avoid sentencing disparities among similarly situated defendants.  See id. § 3553(a)(1), (a)(2)(D), (a)(6).

The Sentencing Guidelines provide for advisory ranges of incarceration following revocation.  These ranges are based on the severity of the violation of the terms of supervised release and the defendant's criminal history.  See U.S.S.G. § 7B1.4(a).  The statutory maximum sentence available varies depending on the underlying crime, ranging from five years for a Class A felony to one year for any crime that is not at least a Class D felony.  18 U.S.C. § 3583(e)(3).  Regardless of its decision, the district court must leave a sufficient record for an appellate court to

review.  See United States v. Franquiz-Ortiz, 607 F.3d 280, 282 (1st Cir. 2010) ("[W]e need a record that provides a basis for evaluating the district court's exercise of its broad authority.").

## C.  Consideration of the 18 U.S.C. § 3553(a) Factors

Butler argues that the district court gave no consideration to the required section 3553(a) factors.  The government responds that the district court sentenced the defendant after contemplating these factors, and we agree.

Specifically, Butler contends that the district court did not sufficiently consider his "history and characteristics," as required by 18 U.S.C. § 3553(a)(1).  In explaining why it was departing from the Guidelines range and imposing a sixty-month sentence in Butler's first case, the district court made the following statement:

> Having considered the lack of Mr. Butler's disposition to comply with even the minimum simplicity of submitting monthly supervision reports -- according to the probation officer, the last time she saw him was on December 27, 2008.  She did not see him again until August 17, 2009, when he gave the urine sample and it was positive to the use of marijuana.
>
> He has failed to contact his probation officer reporting any change of address.
>
> Coupled not only with his unavailability but also having absconded, aggravated by his drug use and intensified by his refusal to accept drug treatment, the Court finds that a term of imprisonment at the upper end of the recommended policy statement is in order.

-5-

In imposing the concurrent five-year sentence in Butler's second criminal case, the court said that it had "considered the nature of the offender's original offenses, . . . as well as the responsible conduct and total absence of interest to exert any effort towards compliance, which is what has again brought [Butler] before this Court." Given this record, we cannot say that the district court failed to consider Butler's history and characteristics, even though it did not explicitly refer to these factors. Cf. United States v. Manzanares, Nos. 10-50124, 10-50126, 2011 WL 3279836, at *1 (5th Cir. Aug. 2, 2011) (noting, in reviewing for plain error, that "[a]lthough the district court did not expressly state that it had considered the 18 U.S.C. § 3553(a) factors, the court's comments implicitly indicate[d] that it considered," among other things, "the history and characteristics of the defendant" (quoting 18 U.S.C. § 3553(a)(1)) (internal quotation mark omitted)). That the district court handed down a harsher sentence than Butler desired does not reveal an inattentiveness to his history and characteristics, but rather that it weighed them differently than Butler did.

In addition, Butler suggests that the district court failed to consider the 18 U.S.C. § 3553(a)(2)(D) factors, arguing that the court did not allow him to benefit from educational or vocational training or from substance abuse treatment programs when it refused to sentence him to a Guidelines term of imprisonment

followed by supervised release. Section 3553(a)(2)(D) is a consideration among many, and does not require the court to grant certain requests; the fact that the district court chose not to sentence Butler according to his counsel's recommendation does not establish that it failed to consider the relevant factors.

Lastly, Butler claims that the court failed to consider potential sentencing disparities, as required by section 3553(a)(6). Although the court may not have specifically referenced this factor directly, "it is not required to address [each] factor[], one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006) (reviewing a post-conviction sentence). The court subsumed sentencing disparity concerns within its overall decision. The fact that the court sentenced Butler to a sixty-month term does not, by itself, demonstrate that it failed to consider the relevant factors.[4]

---

[4]  Butler also claims that the district court did not provide a sufficient explanation for the sentence's severity. Although he does not explicitly say so, he appears to be mounting a substantive challenge to his sentence, in addition to the procedural one, citing Franquiz-Ortiz, 607 F.3d 280, which notes that "[t]he lack of an explicit or implicit explanation is of particular concern when the substantive reasonableness of the sentence is not immediately apparent." Id. at 282.

The district court did, however, provide a sufficient explanation for the sentence. The record makes clear the district court's rationale. It particularly relied on Butler's "total absence of interest to exert any effort towards compliance." The court was free to base its decision on Butler's gross breach of trust and the clear failure of the supervised release program. See

**D. District Court's Misstatement Regarding the Sentence**

Butler finally argues that the district court's record was contradictory and that we should remand so that it may clarify its decision. Butler suggests that the record was unclear as to whether he was being sentenced to sixty months of supervised release or sixty months of incarceration. We disagree.

The district court first sentenced Butler to a five-year term of imprisonment based on the violations in criminal case number 99-232. It then said the following:

> Upon release from confinement, you shall be placed on supervised release under the following conditions.
>
> You shall not commit another federal, state, or local crime and not possess firearms, controlled substances, comply with the standard[] conditions of supervised release.

---

U.S.S.G. Ch. 7 Pt. A (3)(b) (noting that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator"). In explaining its reasoning, the court also noted that it was concerned that the defendant had "absconded," and that this was "aggravated by his drug use and intensified by his refusal to accept drug treatment." Even if a violation is only of the Grade C variety, as Butler's were, if it is "associated with a high risk of new felonious conduct" -- as spending time with drug traffickers might be if one was previously indicted on drug conspiracy charges -- "an upward departure may be warranted." U.S.S.G. § 7B1.4 cmt. n.3. Given that courts "have broad discretion to impose sentences within the statutory limits limned in 18 U.S.C. § 3583(e)(3)," United States v. Hernández-Ferrer, 599 F.3d 63, 66 (1st Cir. 2010), we cannot say that the court here abused its discretion in imposing a five-year sentence.

> You shall enter into an inpatient or outpatient substance abuse treatment program for evaluation and[]/or treatment.
>
> You shall submit to urinalysis.
>
> After the five-year period, then there will be no more supervision.

The district court then moved on to criminal case number 99-269 and imposed a term of five years, "to be served concurrently with the sentence in the other case," noting that "[n]o additional term of supervision [would] be imposed." The written judgment memorializing these sentences provided that Butler was committed to "FIVE (5) YEARS to be served concurrently with the term imposed in Cr. 99-269-01(PG)" and left the space for supervised release blank.

Though the district court stated that it was placing Butler on supervised release in case number 99-232, it did so only after unequivocally sentencing him to five years of incarceration. Further, the district court's written order did not provide for any supervised release. We thus find that the record was not ambiguous, and that there is no need to remand the case for clarification.

### III. Conclusion

For the reasons above, we affirm the revocation sentences.

**Affirmed**.

-9-