**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1391

UNITED STATES OF AMERICA,

Appellee,

v.

SANTOS J. MIRANDA-MARTÍNEZ, a/k/a "Santito",

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Raymond E. Gillespie, on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

October 23, 2015

**TORRUELLA**, **Circuit Judge**. Defendant Santos J. Miranda-Martínez ("Miranda") appeals the district court's decision to revoke his supervised release and imprison him for eighteen months following his conviction for several drug trafficking crimes. Miranda argues for the first time on appeal that the district court committed error at the revocation hearing by failing to consider his personal history and characteristics, as required by 18 U.S.C. § 3553(a)(1). We find that the district court adequately considered these factors and therefore affirm its decision.

## I. Facts

Miranda's case began on December 21, 2005, when he was charged with one count of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and (2). After trial, Miranda was convicted and sentenced to twenty-four months' imprisonment followed by three years of supervised release.

While Miranda was on supervised release, his probation officer requested a warrant for Miranda's arrest after he tested positive for cocaine.[1] Because the conditions of Miranda's supervised release prohibited him from using any controlled substances, on April 27, 2010, the district court revoked Miranda's

---

[1]  Miranda's probation officer also requested the warrant on the ground that Miranda had committed a new crime. By the time the revocation hearing occurred, these charges were dismissed.

supervised release and sentenced him to four months' imprisonment and a new supervised release term of two years.

The conditions of Miranda's supervised release also prohibited him from committing any new crimes. However, between 2011 and 2012, Miranda was charged in two separate cases with several federal drug trafficking offenses. These cases were consolidated and Miranda eventually pled guilty to two counts of conspiracy to possess with intent to distribute five kilograms or more of cocaine under 21 U.S.C. § 846 (one count from each case). On January 15, 2014, the district court sentenced Miranda to 293 months' imprisonment for both counts, to be served concurrently.

Following Miranda's guilty plea, on March 21, 2014, the district court held a supervised release revocation hearing. The district court sentenced Miranda to eighteen months' imprisonment to be served consecutively with his 2014 drug trafficking sentences. This appeal followed.

## II. Discussion

On appeal, Miranda argues that the district court committed error at his March 21, 2014, revocation hearing by failing to take into account his personal history and characteristics as required by 18 U.S.C. § 3553(a)(1). Under 18 U.S.C. § 3583(e)(3), a judge may revoke a defendant's supervised release and impose a term of incarceration if the judge finds by

-3-

a preponderance of the evidence that the defendant violated a condition of supervised release.  But before a judge may revoke or modify supervised release, the judge must "weigh a number of factors borrowed from traditional sentencing considerations," United States v. Butler-Acevedo, 656 F.3d 97, 100 (1st Cir. 2011) (citing 18 U.S.C § 3583(e)), including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C § 3553(a)(1).

This Court normally reviews revocation sentences for abuse of discretion.  United States v. McInnis, 429 F.3d 1, 4 (1st Cir. 2005).  But because Miranda did not raise this issue at his revocation hearing, this Court reviews for plain error.  United States v. Millán-Issac, 749 F.3d 57, 66 (1st Cir. 2014).  For an error to rise to the level of plain error, a defendant must show that (1) "an error occurred," (2) which was "clear or obvious," (3) "that affected his substantial rights," and (4) "seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  Id.

Miranda argues that the district court failed to consider his personal history and characteristics as required by 18 U.S.C § 3553(a)(1).  We agree with the government that the district court did take these factors into account.

-4-

Although the record must reflect that the district court considered the required sentencing factors, the district court "need not address these factors one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Almenas, 553 F.3d 27, 36 (1st Cir. 2009) (quoting United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006)). The record in Miranda's case shows that the district court considered Miranda's personal history and characteristics even if it did not address them directly. The district court stated at the revocation hearing that

> [b]ased on [Miranda's] non-compliance with his supervised release conditions, considering also the nature of the violation and the fact that this is the second time that release is brought before the Court for revocation proceedings, the Court finds that a term of imprisonment is the only viable alternative.

Miranda argues that these comments suggest that the district court only considered his drug trafficking convictions and not his personal history and characteristics. But an individual's personal history and characteristics include previous crimes and patterns of recidivism. See Butler-Acevedo, 656 F.3d at 100 (finding that the district court considered the defendant's personal characteristics and history during a revocation hearing when the court stated it "considered the nature of the offender's original offenses, . . . as well as the responsible conduct and

total absence of interest to exert any effort towards compliance [by the defendant]").  The district court was not revoking Miranda's supervised release simply because Miranda had committed a crime.  In addition to the "nature of [Miranda's] violation," the district court considered the fact that Miranda had been given two opportunities on supervised release but violated the conditions both times.  This personal history of recidivism was a factor that caused the district court to conclude "a term of imprisonment [was] the only viable alternative."

Moreover, the basis of the district court's sentencing can be inferred from the record.  "When there are gaps in the explanation for a particular sentence, a court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did." United States v. Ramos, 763 F.3d 45, 57 (1st Cir. 2014) (quoting United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc)).  Here, the record reflects that Miranda's attorney described Miranda's full supervised release history at the revocation hearing.  Thus, the district court was fully acquainted with Miranda's history of non-compliance and, conversely, with the fact that there were periods during which Miranda was able to follow the terms of his supervised release without incident. Further, the district court had access to the pre-sentence report

-6-

for his drug trafficking convictions, which contained descriptions of his personal history and characteristics.

Looking at these materials, the district court could reasonably conclude that Miranda's history of non-compliance with his supervised release outweighed any periods of successful supervised release. "That the district court handed down a harsher sentence than [the defendant] desired does not reveal an inattentiveness to his history and characteristics, but rather that it weighed them differently than [the defendant] did." Butler-Acevedo, 656 F.3d at 101. Given this record, we conclude that the district court considered Miranda's personal history and characteristics and that his claim is without merit.

### III. Conclusion

Because the district court considered Miranda's personal history and characteristics, there was no error, let alone plain error, in the revocation hearing's procedure. Accordingly, we affirm Miranda's eighteen month sentence.

**Affirmed.**