# United States Court of Appeals
## For the First Circuit

No. 15-2073

UNITED STATES OF AMERICA,

Appellee,

v.

CHRISTIAN VÁZQUEZ-VÁZQUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Selya, and Barron,
Circuit Judges.

German A. Rieckehoff on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

March 24, 2017

**BARRON**, **Circuit Judge**.    In this appeal, Christian Vázquez-Vázquez (Vázquez) challenges his sentence of thirty-six months' imprisonment following the revocation of his term of supervised release.   We affirm.

## I.

On November 18, 2011, Vázquez pled guilty to the offense of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860, in the United States District Court for the District of Puerto Rico.   On May 24, 2012, he was sentenced to twenty-four months' imprisonment and eight years' supervised release, which began on February 18, 2014.   On June 24, 2015, however, Vázquez's probation officer filed a motion notifying the District Court of alleged violations of the conditions of Vázquez's supervised release. After a hearing, the District Court determined that Vázquez had violated the conditions, revoked supervised release, and sentenced Vázquez to thirty-six months' imprisonment.

Under 18 U.S.C. § 3583(e)(3), a court may revoke a term of supervised release and require the defendant to serve a term of imprisonment upon finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release. Under that subsection, the term of imprisonment may not be longer than the term of the supervised release that had been imposed. Id.   In addition, that subsection provides that the term of

- 2 -

imprisonment may not be longer than three years if the conviction for which the supervised release was imposed was a Class B felony -- which Vázquez's conviction was.  Id.

Section 3583(e) directs the sentencing court to consider a subset of the factors listed in 18 U.S.C. § 3553(a) before setting a term of imprisonment after revocation of supervised release.  These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); the need for "adequate deterrence," § 3553(a)(2)(B); and the need to "protect the public," § 3553(a)(2)(C).

The United States Sentencing Guidelines prescribe an advisory range for the term of imprisonment to be imposed upon revocation of supervised release.  The guidelines base that range on the defendant's criminal history category and the nature of the violations of the conditions of supervised release.  U.S.S.G. § 7B1.4.  Under the guidelines, violations of conditions of supervised release are assigned a grade of "A," "B," or "C."  Id. § 7B1.1(a).  The guidelines provide that where "there is more than one violation of the conditions of supervision . . . the grade of the violation is determined by the violation having the most serious grade."  Id. § 7B1.1(b).

Vázquez's violation with the most serious grade is the violation for possession of a firearm as a felon, which is a violation of 18 U.S.C. § 922(g) and is punishable by a term

exceeding one year.  Id. § 924(a)(2) (providing for sentence of "not more than 10 years").  Under the guidelines, that violation of a condition of supervised release is a Grade B violation, because it is a "federal . . . offense punishable by a term of imprisonment exceeding one year."  U.S.S.G. § 7B1.1(a)(2).

The guidelines establish a sentencing range of six to twelve months' imprisonment upon revocation of supervised release if the defendant has a criminal history category of II, as Vázquez did, and has committed a Grade B violation, which Vázquez had. U.S.S.G. § 7B1.4(a).  Both Vázquez and the government advocated for a sentence within that guidelines range.  The District Court, however, imposed a sentence of thirty-six months.  That sentence was three times greater than the upper end of the guidelines range and equal to the statutory maximum the District Court could impose under 18 U.S.C. § 3583(e)(3).  Vázquez now appeals that sentence.

**II.**

Vázquez first contends that, in varying from the guidelines range, the District Court erred procedurally by not explaining the sentence imposed with reference to the factors in 18 U.S.C. § 3583(e).  Generally, for procedural challenges, "we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear error, and evaluate its judgment calls for abuse of discretion."  United States v. Ruiz-Huertas, 792 F.3d

- 4 -

223, 226 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015). But, Vázquez did not object below to the District Court's failure to provide an explanation of the sentence by reference to § 3583(e). And, "where the appellant has failed to preserve a claim of procedural error below, review is for plain error." United States v. Montero-Montero, 817 F.3d 35, 37 (1st Cir. 2016). Vázquez has not satisfied this demanding standard.[1]

We are mindful that "[t]he farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in [the statute] that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed." United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006) (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)). But, given the explanation that the District Court did provide, "it is easy to infer the district court's sentencing rationale." Ruiz-Huertas, 792 F.3d at 228.

At the sentencing hearing, the District Court explained that Vázquez is "no neophyte" to crime and that the presentence

---

[1] "To succeed under plain error review, an appellant must show (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Montero-Montero, 817 F.3d 35, 37 (1st Cir. 2016) (alteration in original) (citation omitted).

report gave a "good history" of "everything he has done before."[2] The District Court then gave a lengthy summary of its factual findings from the evidentiary hearing regarding Vázquez's violations of the conditions of supervised release.

The District Court stated that, after being released from custody on supervised release, Vázquez left his hometown of Corozal, Puerto Rico, for the town of Guayama, and upon arriving there, chose to live near the Luis Pales Matos Housing Project, which is "a nest of drug dealing." And, the District Court found, once Vázquez moved there, he associated with at least three people who sell drugs, one of whom was on probation. The District Court then found, based on testimony at the evidentiary hearing, that Vázquez possessed a firearm, which he shot twice into the air.

Finally, the District Court pointed out -- correctly -- that these events happened "not too long" after Vázquez was placed on supervised release. The shooting at the Luis Pales Matos Public

---

[2] The presentence report states the following. Vázquez was previously arrested in February 2007 for attempt or conspiracy to violate a controlled substances offense, in violation of Article 406 of the Puerto Rico Controlled Substances Act. He was released on bail, and while out on bail in August of 2007, used a knife to rob a gas station, in violation of Article 198 of the Puerto Rico Penal Code and Article 5.05 of the Puerto Rico Weapons Act. Vázquez was then re-arrested and sentenced to serve a term of four years for the first offense and three and a half years for the second offense. Vázquez was released from custody in July 2011. He was then indicted in September 2011 for the offense for which he was sentenced to the supervised release term at issue here -- conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860.

Housing Project took place on March 15, 2015, and Vázquez had begun his term of supervised release on February 18, 2014.

Thus, the District Court directly referenced both "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). And while the District Court did not then expressly state that those factors warranted a sentence of the length imposed for reasons of ensuring "adequate deterrence" or "protect[ing] the public," 18 U.S.C. § 3553(a)(2), it is evident that this was the District Court's rationale.

This case is thus unlike United States v. Franquiz-Ortiz, 607 F.3d 280 (1st Cir. 2010), upon which Vázquez relies. There, we found that the district court had failed to adequately explain its imposition of a sentence of twenty-four months' imprisonment upon revoking the defendant's term of supervised release. Id. at 282. The sentence, which was the maximum possible sentence under the statute, was more than double the high end of the guidelines range, which was four to ten months' imprisonment. Id. at 281-82. But in that case, the district court provided only a three-line explanation, which did not reference the presentence report. Id. at 282. And, the district court gave that brief explanation after the defendant had waived his right to a preliminary hearing to determine whether he had violated the conditions of supervised release. Id. Thus, we explained that

- 7 -

the district court in that case did not have before it any specific facts related to the violation.  Id.  Here, by contrast, the District Court gave a lengthy description of the basis for the sentence imposed, which relied on both the details of Vázquez's criminal history, as set forth in the presentence report, and on facts related to the violations of the conditions of supervised release that the District Court found at the hearing.

Moreover, in explaining its basis for imposing the sentence, the District Court did not err (as Vázquez contends the District Court did) by failing expressly to mention possibly mitigating facts, such as Vázquez's earning of a general educational development certificate -- referred to as a GED -- and his enrollment in college.  As we have made clear before, "a sentencing court is not required to address the § 3553(a) factors one by one, in some sort of rote incantation when explicating its sentencing decision, nor must the court afford each of the § 3553(a) factors equal prominence."  United States v. Pulido, 566 F.3d 52, 64 (1st Cir. 2009) (citation omitted).

Thus, we find that the District Court committed no procedural error.  Rather, the District Court adequately explained the sentence with reference to the statutory factors prescribed in § 3583(e).

Vázquez also challenges his sentence on the ground that it is substantively unreasonable. He does so by arguing that the sentence was too harsh in light of the fact no state criminal charges were filed against him relating to the firearm at issue here; that he obtained his GED and was attending college; that he had experienced a difficult childhood and family life; and that he had learning disabilities. But, even assuming, favorably to Vázquez, that our review of this challenge is for abuse of discretion rather than for plain error, United States v. Pérez, 819 F.3d 541, 547 (1st Cir.), cert. denied, 137 S. Ct. 111 (2016), we see no basis for reversal.

"[T]he linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). And, "the greater the variance, the more compelling the sentencing court's justification must be." United States v. Guzman-Fernandez, 824 F.3d 173, 178 (1st Cir. 2016) (citation omitted). But, in light of the particular details of Vázquez's criminal history and the seriousness of the violations of the conditions of supervised release, we can discern a plausible sentencing rationale for a result that, while harsh, is defensible. That criminal history showed that Vázquez had twice before engaged in criminal activity shortly after he had been released from custody. Moreover, the

violations of his conditions of supervised release included Vázquez's firing a weapon in a public housing project soon after his supervised release term began.  Nor do the facts in mitigation require us to reach a different conclusion.  See United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015) ("While the defendant points to some mitigating considerations, a sentencing court is entitled to conduct an appropriate triage and weigh some factors more heavily than others.").  Thus, we find no abuse of discretion.

**IV.**

The sentence is **affirmed**.