# United States Court of Appeals
## For the First Circuit

No. 16-1287

UNITED STATES OF AMERICA,

Appellee,

v.

HÉCTOR MULERO-ALGARÍN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Mauricio Hernández Arroyo and Law Offices of Mauricio Hernández Arroyo, Esq. on brief for appellant.
Julia M. Meconiates, Assistant U.S. Attorney, Mariana E. Bauzá-Almonte, Assistant U.S. Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

July 31, 2017

      **LYNCH**, <u>**Circuit Judge**</u>.   While on supervised release following his serving a 135-month term of imprisonment for a 2002 conviction for a federal drug felony, Héctor Mulero-Algarín committed a second federal drug felony in 2014.  In doing so, he committed two offenses: violation of the conditions of his supervised release and the new drug offense.  Mulero-Algarín pled guilty and was sentenced for the new drug offense by a different district court judge than presided over his previous conviction and sentence.  He was newly sentenced to 120 months' imprisonment for that drug offense.

      In a separate proceeding, held before the district court judge who had presided over the original 2002 drug case, Mulero-Algarín's term of supervised release was revoked and replaced with a 36-month prison sentence, to be served consecutively to the 120-month sentence imposed on him for the new drug offense.  <u>See</u> 18 U.S.C. §§ 3583(e)(3), 3584(a).  The court also stated that it would not impose a further term of supervised release upon Mulero-Algarín's release from that confinement.  This appeal concerns only the revocation sentence.

      Mulero-Algarín does not dispute that he violated the conditions of his supervised release by committing the second drug crime or that revocation of his supervised release was warranted. He appeals only the district court's decision to impose his revocation sentence consecutively to, rather than concurrently

with, his sentence for the second crime.  He makes the factually incorrect argument that the court failed to consider his cooperation with the government as to his second drug crime as part of this claim.

We hold that the district court committed no error.  We affirm Mulero-Algarín's revocation sentence.

I.

On May 15, 2002, Mulero-Algarín pled guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), after he was caught piloting a speedboat with 1,576 kilograms of cocaine on board.  U.S. District Judge Carmen C. Cerezo sentenced him to 135 months' imprisonment, plus five years of supervised release.  He served his term of imprisonment.

Mulero-Algarín's supervised release term commenced on September 2, 2011, with an expiration date of September 1, 2016. On January 22, 2014, claiming he had "faithfully complied" with the conditions of his supervised release,[1] Mulero-Algarín moved for its early termination.  The government opposed that motion, and Judge Cerezo denied it.

---

[1]    As conditions of his original supervised release, Mulero-Algarín was required to not, inter alia, "commit another federal, state or local crime," "purchase, possess, use, distribute, or administer any controlled substance," or "associate with any person(s) engaged in criminal activity."

- 3 -

On December 10, 2014, less than a year after requesting early termination of his supervised release, Mulero-Algarín was detained on board a speedboat, along with one other passenger, after fleeing from a U.S. Coast Guard vessel and throwing multiple packages overboard, one of which was found to contain approximately 30 kilograms of cocaine. Mulero-Algarín was charged with conspiring to possess cocaine with intent to distribute on board a vessel of the United States, see 46 U.S.C. §§ 70502(b), 70503(a)(1), 70504(b)(1), 70506(b), and knowingly failing to obey an order of a federal law enforcement officer to heave to a vessel of the United States, see 18 U.S.C. § 2237(a)(1). This new criminal case was assigned to U.S. District Judge Pedro A. Delgado-Hernández.

On October 16, 2015, Mulero-Algarín pled guilty in the new drug case, and Judge Delgado-Hernández sentenced him to 120 months' imprisonment -- the applicable mandatory minimum -- plus five years of supervised release. Mulero-Algarín's plea agreement stipulated that, in the event that he was to be sentenced for violating the conditions of his original supervised release in a revocation proceeding before Judge Cerezo, he could request that his revocation sentence run concurrently with his new sentence, while the government could request that the sentences run consecutively.

- 4 -

The U.S. Probation Office had initiated a revocation proceeding before Judge Cerezo on December 16, 2014, after learning of Mulero-Algarín's December 10 detention. On January 27, 2015, "consistent with the [c]ourt's usual practice . . . when the ground[] for revocation of supervised release is new criminal conduct," Judge Cerezo ordered the revocation proceeding continued until Mulero-Algarín's new criminal case concluded. On October 26, 2015, with the revocation proceeding resumed, Mulero-Algarín filed in that proceeding a sentencing memorandum in which he conceded his supervised release violation based on his commission of a new crime, and requested that his revocation sentence run concurrently with his new sentence.

At his February 17, 2016 sentencing hearing for violating the conditions of his supervised release, Mulero-Algarín renewed his request for a concurrent revocation sentence. The government requested that the sentences run consecutively. After determining that Mulero-Algarín's Guidelines Sentencing Range ("GSR") was 24 to 30 months, Judge Cerezo noted that Mulero-Algarín had violated his supervised release[2] by engaging in "the same [type of] activity and conduct" for which he had been sentenced to 135

_____

[2] Judge Cerezo found that Mulero-Algarín had violated the conditions of his supervised release by "committing and being convicted of another federal crime," "possessing [a] controlled substance[,] and associating with a person engaged in criminal activity." Mulero-Algarín did not contest that finding.

- 5 -

months' imprisonment in 2002.  In light of "the seriousness of the offense, and . . . the need to provide adequate deterrence to [Mulero-Algarín's] future conduct," Judge Cerezo concluded that a sentence of 36 months' imprisonment, to be served consecutively to the 120-month sentence imposed on Mulero-Algarín in his new drug case, would be "sufficient but not greater than necessary in this case."  See 18 U.S.C. §§ 3553(a), 3583(e)(3), 3584.  This appeal followed.

## II.

On appeal, Mulero-Algarín raises both procedural and substantive challenges to Judge Cerezo's decision to impose the 36-month revocation sentence consecutively to, rather than concurrently with, the 120-month sentence for the second drug crime.[3]  Assuming in Mulero-Algarín's favor that all of his challenges were preserved, we review his revocation sentence for abuse of discretion.  See United States v. Butler-Acevedo, 656 F.3d 97, 99 (1st Cir. 2011).  We hold that there was no error.

---

[3]  Mulero-Algarín does not challenge Judge Cerezo's decision to vary his revocation sentence upward to 36 months from the GSR of 24 to 30 months.

A.   Mulero-Algarín's Claims of Procedural Error

          Mulero-Algarín advances two related claims of procedural error regarding the consecutive nature of his revocation sentence, both of which rely on a misunderstanding of applicable law.[4]

          First, Mulero-Algarín argues that Judge Cerezo failed to credit him for the time that he had already served in prison as a result of his 2002 conviction.  Mulero-Algarín notes that the maximum term of reimprisonment for which he was eligible upon revocation was capped by statute at five years.  See 18 U.S.C. § 3583(e)(3).  He also notes that under the version of § 3583(e)(3) applicable here, see United States v. Tapia-Escalera, 356 F.3d 181, 187-88 (1st Cir. 2004) (2003 amendment to § 3583(e)(3) does not apply when the offense of conviction predates that amendment), the five-year cap applies to the aggregate of all periods of reimprisonment that he could be required to serve for violations of his supervised release.  From those premises, Mulero-Algarín argues that Judge Cerezo should have counted the 135-month prison sentence he received in 2002 toward the five-year aggregate reimprisonment cap and concludes that -- because the cap had been exceeded -- he could be required to serve only a nominal, concurrent revocation sentence.

---

[4]    To the extent that Mulero-Algarín's argument relies at all on our decision in United States v. Rodríguez-Meléndez, 828 F.3d 35 (1st Cir. 2016), that case is inapposite.

Mulero-Algarín's argument mistakenly characterizes his original term of imprisonment for the underlying drug offense as a term of reimprisonment for a supervised release violation. The cap in § 3583(e)(3) -- both before and after that section was amended in 2003 -- applies only to terms of reimprisonment imposed upon revocation.[5] Mulero-Algarín has received no prior revocation sentence to credit toward the cap. Judge Cerezo correctly recognized this and did not credit Mulero-Algarín for any time that he had already served in prison. Mulero-Algarín's resulting 36-month revocation sentence fell well within the five-year reimprisonment cap.[6]

---

[5] Tapia-Escalera makes this clear. See 356 F.3d 181. There, the defendant had previously violated his supervised release and been sentenced upon revocation to ten months of reimprisonment, plus four additional years of supervised release. Id. at 182. At issue was the district court's imposition of a 30-month term of reimprisonment upon the defendant's violation of his additional supervised release. Id. Applying the version of § 3583(e)(3) applicable here, we held that the district court had erred by failing to count the prior ten-month sentence toward the aggregate cap, which -- based on that defendant's offense of conviction -- was 36 months. Id. at 188. We then remanded so that the district court could reduce the 30-month sentence by four months to comport with the cap. Id. The five years in prison that the defendant had served for the original offense did not bear on the assessment of whether the cap had been exceeded. See id. at 182.

[6] Mulero-Algarín's citation to 18 U.S.C. § 3583(h) takes him no further. Section 3583(h) outlines the cap that applies when a district court revokes a defendant's supervised release and replaces it with a term of reimprisonment plus an additional term of supervised release. Judge Cerezo did not impose an additional term of supervised release on Mulero-Algarín, so § 3583(h) is inapposite.

Mulero-Algarín also argues that Judge Cerezo failed to credit him for the time that he had already served under supervised release as a result of his 2002 conviction -- specifically, the 39 months between the commencement of his supervised release in September 2011 and his arrest for the second crime in December 2014. He argues that Judge Cerezo should have deducted these 39 months from his 36-month revocation sentence and concludes that -- because his credit exceeded his sentence -- he could be required to serve only a nominal, concurrent revocation sentence.

This claim is easily dispatched, as it is explicitly foreclosed by statute. Defendants sentenced to reimprisonment upon revocation do not receive "credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3).

Mulero-Algarín's procedural claims both fail.[7] There was no error.

B. <u>Mulero-Algarín's Claim of Substantive Unreasonableness</u>

Mulero-Algarín claims that Judge Cerezo's decision to impose his revocation sentence consecutively to his sentence for his second crime was substantively unreasonable, in light of certain factors that he argues militated in favor of concurrent

---

[7] To the extent that -- as an alternative to his claim that his time served in prison or under supervised release entitled him to a concurrent revocation sentence -- Mulero-Algarín claims that his time served entitled him to an incremental reduction of his revocation sentence, that claim fails for the same reasons.

sentences. Specifically, he argues that (1) he cooperated with the government following his arrest for the second drug crime, (2) he was already penalized for his supervised release violation through his sentence for the second crime, and (3) due to his 120-month sentence for the second crime, he will be incarcerated until he is nearly 60 years old, even without the addition of a revocation sentence.

Defense counsel vigorously pressed these factors at sentencing, and there is no reason to think that Judge Cerezo did not consider them, so we construe Mulero-Algarín's challenge as directed at the weight that the factors were afforded. See United States v. Cortés-Medina, 819 F.3d 566, 571 (1st Cir.), cert. denied, 137 S. Ct. 410 (2016). How much weight to afford various factors at sentencing is a judgment committed to the informed discretion of the sentencing court. See United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011).

Judge Cerezo considered the cooperation that Mulero-Algarín provided in his second drug case -- in the form of the names of his criminal associates -- along with the fact that he had already been credited for such assistance in that case. Indeed, Mulero-Algarín's cooperation factored prominently into Judge Delgado-Hernández's decision in that case to impose only the mandatory minimum sentence. And while Mulero-Algarín asserted in his revocation proceeding that he had offered to assist the

- 10 -

government further by wearing a wire around other known drug traffickers, Judge Cerezo was also aware that he had provided no such service, as he had not been released on bail.

Similarly, Judge Cerezo considered the fact that the GSR in Mulero-Algarín's second drug case was increased because he had committed the offense while on supervised release along with the fact that Mulero-Algarín was not actually penalized for that increase, given that he received the mandatory minimum sentence for his offense.

Finally, Judge Cerezo considered the fact that Mulero-Algarín will be 60 years old after serving a decade in prison for his new drug crime along with the fact that he committed that crime at age 49, after having served a decade in prison for a similar crime.

After considering these factors, Judge Cerezo reasonably afforded overriding weight to the need to deter Mulero-Algarín from further recidivism and justifiably concluded that additional time in prison following his 120-month term for his new crime would be an appropriate sentence for his supervised release violation. See 18 U.S.C. § 3584(b). In assessing the totality of the circumstances as she did, and in sentencing Mulero-Algarín to a consecutive term of imprisonment, Judge Cerezo certainly did not exceed her "broad discretion" to fashion a revocation sentence under 18 U.S.C. § 3583(e)(3). United States v. Hernández-Ferrer,

599 F.3d 63, 66 (1st Cir. 2010).  The fact that Judge Cerezo "chose not to sentence [Mulero-Algarín] according to his counsel's recommendation" does not establish error.  Butler-Acevedo, 656 F.3d at 101.

## III.

Mulero-Algarín's revocation sentence is affirmed.